BARON BROTHERS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40457. Promulgated June 8, 1932.

*William H. Spohn, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

308

OPINION.

McMahon: In the petition it is alleged that some of the taxes in controversy are for the month of January, 1927, but in the deficiency letter the Commissioner did not determine any deficiency for that month and, therefore, the petition, in so far as it purports to relate to that month, is hereby dismissed for lack of jurisdiction.

The petitioner contends that for the eight-month period ended December 31, 1924, the respondent erred in deducting from the opening inventory for the period the sum of $32,191.13. In this regard the petitioner contends that the Revenue Act of 1921 is governing and that the basis to be used in the computation of gain derived upon the sale of the merchandise received from the partnership is the fair market value of such merchandise on April 25, 1924, the date it was acquired by the petitioner. The respondent, on the other hand, contends that the Revenue Act of 1924 is applicable and that the basis to be used for the inventory is the cost of the merchandise to the partnership.

There are set forth in the margin the applicable provisions of the Revenue Act of 1924.[1]

The Revenue Act of 1924, which was enacted June 2, 1924, in section 1100(a) specifically repealed Title II (called "Income Tax") of the Revenue Act of 1921, as of January 1, 1924. By the provisions of section 200(a) of the Revenue Act of 1924, such act applies in determining tax liabilities for the calendar year 1924 or any fiscal year ending during such calendar year.

In the instant proceeding the partnership exchanged the merchandise and fixtures to the petitioner for stock of petitioner, the amount of stock which each partner received was exactly in proportion to his interest in the property prior to the exchange, and after the exchange the partners were in control of the petitioner. Thus the transaction in question answers the description in section 203(b)(4) and under the provisions of section 204(a)(8), the basis to be used for the determination of gain or loss upon the sale of such property is the same as it would be in the hands of the partnership, increased in the amount of gain or decreased in the amount of loss recognized to them under the law applicable to the year in which the transfer was made. We have already shown that the Revenue Act of 1924 is applicable to the year 1924 and under section 203(b)(4) of that act no gain or loss is recognized upon the transaction in question. Thus the basis in the hands of the petitioner is the same as it would be in the hands of the partnership, which is the cost to the partner-

---

[1] SEC. 1100. (a) The following parts of the Revenue Act of 1921 are repealed, to take effect (except as otherwise provided in this Act) upon the enactment of this Act, subject to the limitations provided in subdivision (b) and (c) :

Title II (called "Income Tax") as of January 1, 1924;

\* \* \* \* \* \* \*

SEC. 200. (a) \* \* \* The first taxable year, to be called the taxable year 1924, shall be the calendar year 1924 or any fiscal year ending during the calendar year.

SEC. 203. (b) (4) No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation ; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

SEC. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property ; except that—

\* \* \* \* \* \* \*

(8) If the property (other than stock or securities in a corporation a party to a reorganization) was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in paragraph (4) of subdivision (b) of section 203 (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money in addition to such stock or securities), then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.

SEC. 204. (c) The basis upon which depletion, exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the same as is provided in subdivision (a) or (b) for the purpose of determining the gain or loss upon the sale or other disposition of such property \* \* \*.

ship. Section 204(a) of the Revenue Act of 1924. Thus the petitioner should include the merchandise in question in its inventory at cost to Baron Brothers, the partnership. The respondent's determination in this regard is approved.

The petitioner also contends that for the eight-month period ended December 31, 1924, the year 1925 and the year 1926, the respondent erred in disallowing a portion of the claimed depreciation on fixtures which petitioner had acquired from the partnership, it being the position of the petitioner that the proper basis for depreciation is the fair market value of such fixtures on April 25, 1924, the date petitioner acquired the assets. The respondent contends that the 1924 Act is governing and that the proper basis for depreciation is the cost of the assets to the partnership.

By the specific provisions of section 204(c) of the Revenue Act of 1924, the basis for the allowance for depreciation is the same as the basis for determination of gain or loss. The fixtures were acquired in the same manner and at the same time as the merchandise above referred to and since the basis for determining gain or loss upon their disposition would be the cost to Baron Brothers, as explained above in regard to the merchandise, the basis for the allowance of deductions for depreciation thereon for the period ended December 31, 1924, is also the cost to Baron Brothers. With regard to depreciation allowance for the years 1925 and 1926, we are governed by the Revenue Act of 1926. Section 200 of the Revenue Act of 1926. That revenue act in like numbered sections contains provisions identical with those of the Revenue Act of 1924 with which we have above dealt, and consequently the basis for the allowance of depreciation deductions in the years 1925 and 1926 is the cost of the fixtures to Baron Brothers. The respondent's determination of the depreciation deductions to which petitioner is entitled is approved.

For the eight-month period ended December 31, 1924, the respondent added to the income as reported by the petitioner an amount of $714.29, with the statement in the deficiency letter that this amount had been deposited in a bank to the credit of the taxpayer, and that it had been credited equally to each of the three stockholders' accounts. Louis Baron, one of the three stockholders, testified at the hearing that it was his recollection that the amount represented what was left of a deposit made by the partnership with Coe to take care of bills for merchandise that were coming in during the period that Coe continued to run the business in conjunction with the partnership prior to the time the business was acquired by the petitioner. He testified that this balance was evidently returned to the partnership and that it has no relation whatever to the petitioner's income.

The burden is upon the petitioner to show that the item of $714.29 is not income to it. While an item of " Taxes, $714.29," appears in the settlement between Coe and the partnership, we have no evidence as to how it came into the hands of the petitioner. The testimony of Louis Baron was not positive and does not serve to throw any light upon the nature of the payment to the petitioner. In the contract between Coe and Baron Brothers there was no provision that Baron Brothers should pay or put up a deposit to care for any bills occurring during the period that the sale was being considered by the creditors. On the contrary, the contract provided that " all proceeds from the sale of said stock shall be deposited daily in a separate and distinct account, and that all expenses during said period shall be paid from said account."

In this situation we hold that petitioner has not met its burden of proving error in the respondent's determination and such determination is approved.

> *The proceeding in so far as it purports to relate to the month of January, 1927, is dismissed for lack of jurisdiction. As to the eight-month period ended December 31, 1924, and the years 1925 and 1926, judgment will be entered for the respondent.*